J-S22034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER S. MULLEN | : | |
| | : | |
| Appellant | : | No. 1692 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 2, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001030-2017

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED MAY 22, 2020**

Appellant, Christopher S. Mullen, appeals from the aggregate judgment of sentence of six to thirteen years of confinement, which was imposed after his convictions at a bench trial for:  two counts of persons not to possess, use, manufacture, control, sell or transfer firearms; one count of knowingly or intentionally possessing a controlled or counterfeit substance; and one count of use of or possession with intent to use drug paraphernalia.[1]  We affirm.

> The charges arose out of an incident on June 7, 2017, where parole agents, United States Marshals, and police officers went to [] Anthony Street[, Williamsport,] based on an anonymous tip that [Appellant], who was wanted on a warrant for absconding from parole supervision, was presently living at that location with his girlfriend or ex-girlfriend and he was in possession of firearms and controlled substances. . . . The officers and agents went to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1) and 35 P.S. § 780-113(a)(16), (32), respectively.

residence and knocked on the door. . . . [A] white male came to the door. The white male initially denied that [Appellant] was in the residence but after he stepped outside and was shown a picture of [Appellant], the white male nodded his head and said [Appellant] was inside the residence.

When the law enforcement officers entered the residence to arrest [Appellant], they observed firearms and controlled substances in plain view inside the residence. The police then obtained a search warrant for the residence and seized various firearms, cocaine, and drug paraphernalia.

On August 10, 2017, [Appellant] filed a motion to suppress, in which he alleged that the authorities lacked a reasonable belief that he was located inside the residence; therefore, the entry into the residence was unlawful and any evidence observed and seized as a result of that entry must be suppressed.

Trial Court Opinion, dated January 10, 2020, at 1-2 (footnote omitted); **see also** Motion to Suppress, 8/10/2017, at ¶¶ 15-17 ("lacking th[e] reasonable belief" that Appellant "was within the residence[,] . . . the unnamed parole agents and US Marshalls unlawfully entered [] Anthony Street"; "[b]ut for the unlawful entry, officers would not have been able to observe the cocaine, shotgun, or pistol").

On October 12, 2017, the trial court held a hearing on the suppression motion, during which Appellant argued that "the information provided by the anonymous informant . . . is not sufficient grounds for them to have a reasonable belief that [Appellant] was inside that residence" and that –

whatever information parole gathered from [the white male who opened the door] was unreliable and could not form reasonable grounds to have that reasonable belief that [Appellant] was inside the residence. . . . And so we would once again just argue that there is not a reasonable belief that [Appellant] was inside the residence at that time, and so any entry into that residence was unlawful.

N.T., 02/12/2017, at 14-15. At the suppression hearing, Appellant never argued that the entry and search were illegal for being made without a search warrant for the Anthony Street residence. *See id.* "[O]n October 13, 2017, the court denied the motion." Trial Court Opinion, dated January 10, 2020, at 2.

Appellant was convicted on February 15, 2019, and the trial court imposed the aforementioned sentence on April 2, 2019. Following the grant of a petition filed under the Post Conviction Relief Act,[2] Appellant's direct appeal rights were reinstated *nunc pro tunc*, and he filed this timely direct appeal on October 14, 2019.[3]

Appellant presents the following issue for our review:

> Whether the trial court erred in failing to suppress evidence that was obtained pursuant to a warrantless search in a third-party residence.

Appellant's Brief at 6.

> In reviewing the denial of a suppression motion, our role is to determine whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context

_____

[2] 42 Pa.C.S. §§ 9541–9546.

[3] Appellant filed his statement of errors complained of on appeal on October 17, 2019. The trial court entered its opinion on January 10, 2020.

The Commonwealth has chosen not to file an appellate brief. *See* Letter from Joseph C. Ruby, Assistant District Attorney, to Jennifer Traxler, Esquire, Deputy Prothonotary (April 20, 2020).

of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Yim***, 195 A.3d 922, 926 (Pa. Super. 2018) (citations and internal brackets omitted). Our scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing. ***Commonwealth v. Fulton***, 179 A.3d 475, 487 (Pa. 2018).

In his appellate brief, Appellant contends that "law enforcement unlawfully entered the . . . residence" where he was arrested "without a search warrant supported by a judicial determination of probable cause" and with "no exigent circumstances[,[4]]" and, accordingly, "[t]he evidence was unlawfully obtained[.]" Appellant's Brief at 13-14. He argues that he consequently "should be granted a new trial[.]" ***Id.*** at 13. Appellant now concedes "there was a strong reason to believe that [he] was in the residence[.]" ***Id.*** at 16.

The only claim in Appellant's motion to suppress and during the suppression hearing was that the agents and marshals did not have sufficient

---

[4] Exigent circumstances are an exception to the warrant requirement, excusing the need for a warrant where "prompt police action is imperative" - *i.e.*, when the delay in obtaining a search warrant would result in personal injury or the loss of evidence. ***Commonwealth v. Johnson***, 969 A.2d 565, 569 (Pa. Super. 2009) (citation omitted); ***accord Schmerber v. California***, 384 U.S. 757 (1966).

reason to believe that he was inside the residence prior to their entry, whereas Appellant's claim on appeal is that the agents and marshals lacked a search warrant authorizing entry into the residence or exigent circumstances. **Compare** Motion to Suppress, 8/10/2017, at ¶¶ 15-17, **and** N.T., 02/12/2017, at 14-15, **with** Appellant's Brief at 13-16. As Appellant's appellate challenge was not raised before the trial court, it hence was not preserved. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Murray joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/22/2020

- 5 -